UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 08-20403

Honorable John Corbett O'Meara

v.

FRANK SCARAMUZZINO,

        Defendant.
        _____/

## ORDER DENYING DEFENDANT'S MOTION FOR BOND PENDING APPEAL

This matter came before the court on defendant Frank Scaramuzzino's December 28, 2009 Motion for Bond Pending Appeal. The government filed a response January 5, 2010. No oral argument was heard.

Defendant Scaramuzzino, represented by counsel, entered into a Rule 11 plea agreement April 24, 2009. He pleaded guilty to Counts 2 and 4 of the Indictment, which charged willful failure to pay income taxes for 2001 and 2002. The plea agreement contained a waiver of right to appeal. Following a seven-month adjournment, the court sentenced Scaramuzzino to imprisonment for a term of 24 months, ordered restitution, and imposed financial penalties. He has been ordered to report to FCI Morgantown on January 20, 2010.

Pursuant to 18 U.S.C. § 3143(b)(1), a defendant convicted of a crime and sentenced to imprisonment, and who has filed an appeal, must be detained unless the court finds that:

    (A) by clear and convincing evidence that the person is not likely to flee or pose a
    danger to the community if released under section 3142(b) or (c); and

    (B) that the appeal is not for the purpose of delay and raises a substantial question
    of law or fact likely to result in:
      (i) reversal;

     (ii) an order for a new trial;
     (iii) a sentence that does not include a term of imprisonment, or
     (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The parties agree that Scaramuzzino is not a flight risk and does not pose a danger to the community. Although Defendant argues that his appeal is not for purpose of delay, he waived his right to appeal in his Rule 11 plea agreement. One of the reasons he cites as justification for bond is his perceived necessity for more time to arrange his business affairs. Therefore, the appeal could be seen as way to delay the imposition of his sentence.

Defendant argues that his appeal presents substantial questions of law, including his allegation that the court failed to adequately consider the factors listed in 18 U.S.C. § 3553(a). However, at Defendant's sentencing hearing, the court specifically stated that it had considered the factors listed in Section 3553. The defendant has presented nothing to indicate that the court failed to do so. Therefore, the court will deny Defendant's motion.

## ORDER

It is hereby **ORDERED** that defendant Frank Scaramuzzino's December 28, 2009 Motion for Bond Pending Appeal is **DENIED.**

                                              s/John Corbett O'Meara
                                              United States District Judge

Date: January 13, 2010

      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 13, 2010, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager