UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FRANK SCARAMUZZINO,

        Defendant.

_____/

Case No. 08-20403

Honorable John Corbett O'Meara

## ORDER DENYING DEFENDANT'S MOTION FOR STAY OF COLLECTION OF FINE AND RESTITUTION AMOUNTS

This matter came before the court on defendant Frank Scaramuzzino's December 30, 2009 motion for stay of collection of fine and restitution amounts. The government filed a response June 25, 2010. No reply was filed, and no oral argument was heard.

The court sentenced defendant Scaramuzzino on November 24, 2009, to 24 months' incarceration and a 12-month period of supervised release for the willful failure to pay income tax for tax years 2001 and 2002 in violation of 26 U.S.C. § 7203. In addition, he was ordered to pay a $50 special assessment, a $50,000 fine, and $878,011 in restitution to the Internal Revenue Service. Scaramuzzino has so far paid $75 towards the resolution of his debt. Defendant filed notice of appeal December 4, 2009; and the court denied his subsequent motion for bond pending appeal.

In his motion for stay of collection of his fine and restitution, Defendant argues, "Should the Sixth Circuit act favorably upon the Defendant's appeal and order a re-determination of the amount of restitution and re-sentencing, the government should not now be seeking to enforce a judgment ordering collection of inflated amounts." Defendant's mot. br. at 2.

Defendant admits he owes unpaid taxes, interest, and penalties; therefore, the only issue is the exact amount owed. Scaramuzzino has not claimed an inability to pay the debt due, has not claimed an inability to obtain an appeal bond to secure payment of the debt, and has not even asserted that he has paid any portion of the tax liability as part of a civil settlement. Rather than pay any portion of the debt, it is clear that Defendant seeks to further delay payment of any amount for an indefinite period of time.

Generally, the potential harm to a defendant is that if the payment of restitution is transferred to a victim and the restitution order is later overturned, the defendant may not be able to get his money back. In this case, however, the money is owed to the United States. If the restitution order is later overturned, the United States is in a position to refund any overpayment.

## **ORDER**

It is hereby **ORDERED** that defendant Scaramuzzino's December 30, 2009 motion for stay of collection of fine and restitution amounts is **DENIED.**


s/John Corbett O'Meara
United States District Judge

Date: August 3, 2010


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 3, 2010, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager